Earl C. WELDON, Petitioner,

v.

Dr. Ivan W. STEELE, Warden, United States Medical Center For Federal Prisoners, Springfield, Missouri, Respondent.

No. 9431.

United States District Court,
W. D. Missouri, W. D.

Nov. 17, 1954.

Petitioner appears pro se.

WHITTAKER, District Judge.

By order, in this habeas corpus proceeding, of November 8, 1954, we directed respondent to show cause, within 10

days, why a writ of habeas corpus should not be issued, upon the particular and limited question, only, of whether the Board of Medical Examiners, at the Federal prison at Lewisburg, Pennsylvania (provided for by Section 4241, Title 18 U.S.C.A.), had examined petitioner's mental condition and reported their findings and the facts on which based to the Attorney General of the United States (as provided for in said Section 4241, Title 18 U.S.C.A.), prior to the removal of petitioner from the Lewisburg prison to the Springfield Medical Center, and whether the Attorney General, in pursuance of such examination and report, directed the removal of petitioner from the Lewisburg prison to the Springfield Medical Center in pursuance of Section 4241, Title 18 U.S.C.A., and, hence, whether the terms of that particular section are now applicable to petitioner's detention.

The issue, and hence our order above mentioned, arose in this way: Petitioner alleged that in 1949 he was sentenced by the District Court for the District of Columbia for a term of "2 to 6 years"; that with allowance of time off for good behavior (conditionally allowed by Section 4161, Title 18 U.S.C.A.) he became entitled to conditional release from imprisonment on May 11, 1954; that the Board of Medical Examiners, at the Lewisburg prison, did not give him a mental examination, or report their findings and the facts on which based to the Attorney General before petitioner was removed from the Lewisburg prison to the Springfield Medical Center, and petitioner contended that, therefore, his imprisonment at the latter place was not under and subject to Section 4241, Title 18 U.S.C.A., which alone, takes away "good time", and that, in consequence, he is legally entitled to credit on his sentence for "good time", and that, with it, he became entitled to conditional release on May 11, 1954. This, we thought, presented a substantial question. Hence, our order upon respondent to show cause upon that particular and limited question.

Respondent has now filed his answer to that order to show cause, from which it clearly appears that on September 21, 1950, while petitioner was imprisoned at the Lewisburg prison, the Attorney General, by the Director of the Bureau of Prisons, ordered petitioner removed, and he was removed, to the Springfield Medical Center under Section 4082, Title 18 U.S.C.A., for mental observation and examination; that while petitioner was in the Springfield Medical Center, for those purposes, the Board of Medical Examiners of that institution (also set up and provided for by Section 4241, Title 18 U.S.C.A.), under date of June 25, 1953, reported and certified to the Attorney General of the United States, as contemplated by said Section 4241, Title 18 U.S.C.A., that upon examination of petitioner they had found him to be of unsound mind "as more fully appears in the medical report attached" (which was a medical report dated June 23, 1953—copy of which is attached to respondent's return here—and finds petitioner to be "psychotic").; that thereafter, on July 13, 1953, the Attorney General, by the Assistant Director of the Bureau of Prisons, made—upon the printed form commonly used for the purpose—the following order, in respect to petitioner, to-wit:

"Order For Removal

"It appearing by the certification of the Board of Examiners that the above-named prisoner is a suitable subject for the Medical Center for Federal Prisoners at Springfield, Missouri, and now,

"1. (The whole of paragraph 1 of the printed form, directing removal of the prisoner from a Federal prison to the Springfield Medical Center, is deleted—no doubt because petitioner was already in the Springfield Medical Center.)

"2. You, the Warden of the said Medical Center for Federal Prisoners, are hereby authorized and directed to him safely keep pending further orders from the undersign-

ed." (The remainder of the words on the printed form reading "or until the maximum sentence, without credit for good time or commutation, shall have been served" were deleted.)

Pursuant to that order, petitioner, being then in, was retained in, the Springfield Medical Center, and is still imprisoned there under his original sentence of "2 to 6 years", which will expire, by its terms, on December 8, 1955.

It is thus clear that, while the Board of Medical Examiners of the Lewisburg prison did not give petitioner a mental examination, and report their findings and the facts on which based to the Attorney General, prior to his transfer therefrom to the Springfield Medical Center, yet petitioner was given such mental examination by the Board of Medical Examiners of the Springfield Medical Center who reported their findings, of unsound mind, and the facts on which based, to the Attorney General, under date of June 25, 1953, as contemplated and provided for in Section 4241, Title 18 U.S.C.A., and, thereafter, on July 13, 1953, the Attorney General, by the Assitant Director of the Bureau of Prisons, on the declared basis of said medical finding and report, ordered, in the language above quoted, that petitioner be confined in the Springfield Medical Center.

That medical examination and finding, and that order were, necessarily, made under and pursuant to the terms of Section 4241, Title 18 U.S.C.A.

But that order did not contain the words of the statute, Section 4241, Title 18 U.S.C.A., saying that petitioner was to be held by respondent "until the maximum sentence, *without credit for good time or commutation,* shall have been served" (emphasis mine)—as those words were deleted from the form of the order.

We, thus, have the question of whether the terms of the order of July 13, 1953, or the terms of the statute, Section 4241, Title 18 U.S.C.A., control. If the former, then any right of petitioner to

"good time" was not extinguished—because the words eliminating "good time" were deleted from the order. If the latter, then any right of petitioner to "good time" was extinguished by the express terms of that statute.

Passing to that question, we see that the statute, Section 4241, supra, after providing for a board of medical examiners at each Federal penal institution, and after providing that such Board shall examine inmates, who may be of unsound mind or otherwise defective, and shall report their findings, and the facts on which based, to the Attorney General, provides that the Attorney General "upon receiving such report, *may* direct the warden * * * having custody of the prisoner to cause such prisoner to be removed to the United States hospital for defective delinquents or to any other institution authorized by law to receive insane persons charged with or convicted of offenses against the United States, *there to be kept until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served."* [emphasis mine]

■ The Attorney General is, thus, given a discretion—by the use of the word "may"—as to whether or not he will order the transfer of the prisoner, yet that is the only discretion he has in the matter. And if and when he does order the transfer of the prisoner from the prison to the hospital, the express terms of the statute require that the prisoner is "there to be kept until, in the judgment of the superintendent of said hospital, the prisoner shall be restored to sanity or health or until the maximum sentence, without deduction for good time or commutation of sentence, shall have been served." Neither the Attorney General nor anyone else— save Congress itself—has any power to modify the provisions of that statute. The Congress has specified, in the statute, the period and conditions of detention of a Federal prisoner committed to

**670**

a United States hospital for defective delinquents under Section 4241, Title 18 U.S.C.A., and the Attorney General is without authority to add to or take from, or otherwise alter, those provisions, and, therefore, regardless of the terms of his order of removal, the terms of the statute control. This is equally so whether the Attorney General underburdened, overburdened, or wholly failed to condition or limit, the period of detention in such hospital by his order of transfer, because, in either case, and in any case, the terms of the statute—the act of Congress, not the order of the Attorney General—control the period of the prisoner's confinement in such hospital, and any order of transfer of a prisoner to a government hospital, made under that statute, must be brought up to, or cut down to, the measure of the statute which alone controls.

■ It follows, in our opinion, that the terms of the statute, not the terms of the Attorney General's order of transfer, control, and the result is that the deletion from the Attorney General's order of July 13, 1953, directing the detention of petitioner in the Springfield Medical Center, of the words "or until the maximum sentence *without credit for good time or commutation* shall have been served", was without any significance or effect whatever. The conclusion must be that petitioner is not entitled to any credit on his sentence for "good time", as any "good time" is expressly disallowed by the terms of the statute, despite the fact that the Attorney General's order committing petitioner to the Springfield Medical Center, in accordance with the provisions of that statute, is wholly silent upon the subject.

The United States Court of Appeals for this circuit has clearly and squarely held in the case of Douglas v. King, 110 F.2d 911, 127 A.L.R. 1200, that the right of a Federal prisoner to "good time" allowance, under Section 4161, Title 18 U.S.C.A., is contingent only, and if the prisoner is found, before expiration of his sentence, to be of unsound mind he is not to be given any time off his sentence for good behavior, because of the express provisions of Section 4241, Title 18 U.S.C.A., and the court, in that case, held the latter statute to be constitutionally valid.

It follows from the foregoing that petitioner is being held in the Springfield Medical Center under and subject to the terms of Section 4241, Title 18 U.S.C.A., and that section disallows any time off for good behavior, and, hence, petitioner is not entitled to add any so-called "good time" to the time he has served, and, consequently, he has not yet served his maximum sentence, and is not now being unlawfully detained and his petition for writ of habeas corpus must be, and it is hereby, denied.