**John Joseph MILLER, Appellant,**

v.

**W. H. HARDWICK, Warden, The U. S. Board of Parole, The United States of America, et al., Appellees.**

**No. 15771.**

United States Court of Appeals Fifth Circuit.

Jan. 27, 1956.

John Joseph Miller, in pro. per.

James W. Dorsey, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., for appellees.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

This appeal is from a judgment denying the writ of habeas corpus and dismissing the petition. The petition alleged that on a six year sentence the petitioner served, with excellent work and conduct reports, from February 1, 1950 to November 20, 1952, when he was released on parole under the provisions of 18 U.S.C.A. § 4203. On November 18, 1953, he was retaken as a parole violator under the provisions of 18 U.S.C.A. § 4205. He was given a hearing before a member of the Board of Parole under 18 U.S.C.A. § 4207. The Board revoked the order of parole for "leaving the district of parole supervision without permission", and ordered that the prisoner be required to serve the remainder of the term for which he was sentenced. The question is whether in computing the remainder of such term he is entitled to a deduction of the good time allowances under 18 U.S.C.A. § 4161 for the period from February 1, 1950 to November 20, 1952 served before parole. The law seems to be settled that "the credit is not a vested right, but only contingent until a time arrives such that its allowance will end imprisonment." Aderhold

v. Perry, 5 Cir., 59 F.2d 379, 380. Upon revocation of his parole, appellant could be required to serve the entire remainder of his term without any credit for "earned" good time. Platek v. Aderhold, 5 Cir., 73 F.2d 173; Harrell v. Aderhold, 5 Cir., 73 F.2d 189; United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468; Hedrick v. Steele, 8 Cir., 187 F.2d 261.

The judgment is

Affirmed.