**Lloyd N. HOCKADAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7498.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 7, 1957.

Decided Oct. 18, 1957.

Lloyd N. Hockaday, pro se.

Henry St. J. FitzGerald, Asst. U. S. Atty., Arlington, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a petition for a writ of habeas corpus by a prisoner serving a sentence of imprisonment imposed by a court of the United States in the District of Columbia. In 1947 appellant was convicted of the crimes of robbery and housebreaking and sentenced to a term of imprisonment of from three to eleven years. In 1954, having earned 1320 days of statutory "good time" and 297 days of industrial good time, he was released from prison on the usual conditions of parole. In 1955 the Board of Parole of the District of Columbia had appellant arrested as a conditional release violator and, after a hearing revoked his parole and remanded him to serve out the unserved portion of his sentence. Appellant contends that the Board of Parole of the District of Columbia was without jurisdiction to administer the federal statutes relating to parole and that, at all events, he could not be deprived of the "good time" which he had earned or ordered to serve the unserved portion of his sentence. All of these contentions are so lacking in merit as not to warrant discussion. As to the jurisdiction of the Board of Parole of the District of Columbia, see Story v. Rives, 68 App.D.C. 325, 97 F.2d 182. As to the forfeiture of "good time" for parole violation and the power of the Parole Board to require appellant to serve the unserved portion of the sentence, see the case above cited and also O'Neal v. Fleming, 4 Cir., 201 F.2d 665; United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, certiorari denied Rowe v. Nicholson, 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405; Industrial "good time" is granted under "the same terms and conditions" as commutation of time for good conduct. 18 U.S.C. § 4162; Wipf v. King, 8 Cir., 131 F.2d 33.

Affirmed.