**Reubin WOOTEN, Appellant,**

v.

**Fred T. WILKINSON, Warden, U. S. Penitentiary, Atlanta, Georgia, Appellee.**

**No. 17537.**

United States Court of Appeals
Fifth Circuit.

April 1, 1959.

Chester E. Wallace, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., Ralph Ivey, Asst. U. S. Atty., Charles D. Read, Jr., Acting U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, CAMERON and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The sole question presented here is whether the appellant, a conditional release parole violator, has served the remainder of his sentence and should be released. The district court denied his petition for writ of habeas corpus. We affirm.

The appellant, Wooten, began his service of a 12 year sentence on June 24, 1941. He was conditionally released from prison on May 10, 1949 under the provisions of 18 U.S.C.A. § 4203. On October 8, 1956, Wooten was retaken by Federal authorities as a conditional release violator on his sentence. On October 8, 1958, he filed a petition for writ of habeas corpus claiming that as of that date he had served his sentence and was eligible for release.

Wooten argues that when he was sent back to prison he had to serve a total of 990 days. From October 8, 1956, to October 8, 1958, he served 730 days and earned 268 days of good time, making a total of 998 days. Thus, argues Wooten, as of October 8, 1958, he had served 8 more days than he should have served, and was eligible for release on or before that date.

 This case presents a more serious question of mathematics than one of law. Wooten had a total of 4,380 days to serve (12 years). When he was released May 10, 1949, he had served 2,875 days. He had earned 990 days of good time which was credited to his sentence under 18 U.S.C.A. § 4161. Thus, he had served only 3,865 days. The formula used in arriving at the period when a prisoner is eligible for conditional release from Federal custody is: actual time served plus good time earned should equal the entire sentence imposed. Hunter v. Facchine, 10 Cir., 1952, 195 F.2d 1007. Thus, the 3,865 days Wooten "served" does not equal his total sentence of 4,380 days, or 12 years. He was prematurely released by 515 days. A conditional release violator forfeits all good time earned. Miller v. Hardwick, 5 Cir., 1956, 229 F.2d 164. Wooten forfeited the 990 days he earned. However, he also owes 515 days more because of his premature release.[1] This is the fact he overlooks. The 990 days plus 515 days totals 1,505

days left for Wooten to serve when he was retaken on October 8, 1956.[2] From October 8, 1956, to October 8, 1958, he served 730 days and earned 268 days of good time for a total of 998 days. Thus, subtracting 998 days from 1,505 days, as of October 8, 1958, Wooten still had a total of 507 days to serve, less of course any more good time he earns.

The judgment is

Affirmed.

---

1. Yates v. Looney, 10 Cir., 1958, 250 F.2d 956, held that a conditional release violator who is prematurely released is not given any credit for the number of days of the premature release.

2. Under 18 U.S.C.A. § 4207, a prisoner who is retaken may be required to serve "all or any part of the remainder of the term for which he was sentenced".