**Guy B. NORTHCUTT, Appellant,**

v.

**F. T. WILKINSON, Warden, Appellee.**

**No. 17550.**

United States Court of Appeals
Fifth Circuit.

April 30, 1959.

🔑15

Franklin B. Anderson, Atlanta, Ga.,
for appellant.

Ralph Ivey, Asst. U. S. Atty., James
W. Dorsey, U. S. Atty., Atlanta, Ga.
(Charles D. Read, Jr., Atlanta, Ga., Act-
ing U. S. Atty., on the brief), for ap-
pellee.

Before TUTTLE, CAMERON and
WISDOM, Circuit Judges.

PER CURIAM.

The appellant, Northcutt, is a condi-
tional release violator who was retaken
into custody. 18 U.S.C.A. § 4161. He
complains that the district court erred
in denying his petition for a writ of
habeas corpus based on the contention
that he is being held for a period exceed-
ing his sentence.

■■ By violating his conditional re-
lease, Northcutt forfeited his statutory
good time of 1,792 days. 18 U.S.C.A.
§ 4207. Appellant was prematurely re-
leased by 1,864 days. This number of
days plus the forfeited statutory good
time total 3,656 days left for petitioner
to serve. The formula in arriving at the
period in which a prisoner is eligible for
release from federal custody is as fol-
lows:

> The actual time served plus good
> time earned (statutory good time
> plus industrial or extra good time)
> should equal the entire sentence im-
> posed on the prisoner.

Wooten v. Wilkinson, 5 Cir., 1959, 265
F.2d 211; Hunter v. Facchine, 10 Cir.,
1952, 195 F.2d 1007. Credit for indus-
trial or extra good time is given under
the same terms and conditions as com-
mutation of time for good conduct, and
is forfeited in the same manner. 18
U.S.C.A. § 4162; Hockaday v. United
States, 4 Cir., 1957, 248 F.2d 950, 951;
Wipf v. King, 8 Cir., 1942, 131 F.2d 33;
Bragg v. Huff, 4 Cir., 1941, 118 F.2d
1006.

The judgment is
Affirmed.