**James O. FRIERSON, Appellant,**

v.

**William P. ROGERS, United States Attorney General, Appellee.**

**No. 18556.**

United States Court of Appeals
Fifth Circuit.

April 21, 1961.

Rehearing Denied June 29, 1961.

Roderick M. MacLeod, Jr., Birmingham, Ala., for appellant.

J. Robert Sparks, Asst. U. S. Atty., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before JONES and BROWN, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM.

The District Court treated this as an application for a writ of habeas corpus. So do we. As such it was denied. We affirm.

The question is whether statutory good time commutation credits awarded by the prison authorities reduce the sentence—not merely the time of confinement—so that the prisoner becomes unconditionally free and not thereafter subject to revocation of his conditional release at any time up to the expiration date of his maximum term.

Petitioner's contention is this. His 10-year sentence normally would have expired August 5, 1962. Under the good time allowances of 18 U.S.C.A. §§ 4161, 4162 plus the 180 days of § 4164 the credits totalled 1091 days. Therefore, deducting these credits the sentence would expire August 9, 1959, provided only that such credits were still effective as of such date. On December 28, 1958 Petitioner was granted conditional release under the statutory program, 18 U.S.C.A. §§ 4161–4166. Subsequent to August 9, 1959 and

on November 15, 1959, he was returned to custody for violation of a condition of his release. On this he argues that whatever might have been the case in the event of forfeiture of credits prior to August 9, 1959, once that date passed with credits still effective the sentence expired. He bases this principally on the provision of § 4161 which requires that "Each prisoner * * * shall be entitled to a deduction from the term of his sentence * * *" for good time earned.

The statute makes clear that a prisoner freed under the conditional release provisions "shall * * * be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." 18 U.S.C.A. § 4164. Under the parole provisions "A warrant for the retaking of any * * * prisoner who has violated his parole, may be issued * * * within the maximum term or terms for which he was sentenced." 18 U.S.C.A. § 4205. The parole may thereafter be terminated and "the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced." 18 U.S.C.A. § 4207. The whole scheme reflects a purpose not to alter, or reduce, or modify the sentence imposed by the judicial judgment. The credits when earned and retained affect the time of confinement.

The cases as well make it unmistakably clear that "good time" is a conditional right which may be forfeited upon violation of the conditions of the prisoner's release. Wooten v. Wilkinson, Warden, 5 Cir., 1959, 265 F.2d 211; Miller v. Hardwick, Warden, 5 Cir., 1956, 229 F.2d 164. The rules which apply in parole cases apply with equal force in conditional release cases. Good time may be forfeited entirely for any violation occurring prior to the end of the maximum sentence (less, of course, the statutory 180-day period of § 4164). Schiffman v. Wilkinson, Warden, 9 Cir., 1954, 216 F.2d 589; Mandel v. Heritage, Warden, 9 Cir., 1959, 267 F.2d 852; Singleton v. Looney, Warden, 10 Cir., 1955, 218 F.2d 526.

Affirmed.