Petition of Floyd BAPTISTA for a Writ
of Habeas Corpus.
No. 13836–4.

United States District Court
W. D. Missouri, W. D.
June 29, 1962.

Floyd Baptista, pro se.

BECKER, District Judge.

Floyd Baptista has asked leave to file and prosecute in *forma pauperis* this petition for a writ of *habeas corpus* seeking his release from the Medical Center for Federal Prisoners, Springfield, Missouri. Petitioner makes the following averments in his petition:

On July 7, 1956, petitioner was found guilty by a jury of violating some unspecified Section of Title 18 U.S.C.A. and was sentenced to serve a term of 12 years by the United States District Court in Tucson, Arizona. Petitioner was serving this sentence at the Federal Penitentiary at Terre Haute, Indiana, when the prison authorities of that prison certified the petitioner as psychotic and caused him to be transferred to the Medical Center for Federal Prisoners at Springfield, Missouri under § 4241, Title 18 U.S.C.A.

Petitioner contends (1) that he is not now, or never has been, insane, of unsound mind or otherwise mentally defective; (2) that the prison authorities at Terre Haute, Indiana, had him certified as psychotic "solely as an expediency to have him transferred to the Medical Center for Federal Prisoners, and not because he suffered a mental condition which warranted such action"; (3) that the warden of the Medical Center is acting arbitrarily and capriciously in declaring petitioner to be mentally incompetent, and is keeping petitioner from enjoying his (alleged) constitutional right to good time allowance under § 4161, Title 18 U.S.C.A.; and (4) "that in order for a federal prisoner to be legally detained at the Medical Center until the maximum date of his sentence without deduction for good time * * * under § 4241 of Title 18, the prisoner must be 'insane or of unsound mind, or otherwise defective.' "

Petitioner claims that he should be allowed to enjoy his (alleged) constitutional right to good time allowance under § 4161, Title 18 U.S.C.A.

These averments of fact and legal contentions stated in the petition fail to state a basis for relief by way of the remedy of *habeas corpus*. Sutton v. Settle (C.A.8) 302 F.2d 286; Rosheisen v. Steele (C.A.8) 193 F.2d 273; Garcia v. Steele (C.A.8) 193 F.2d 276; Morton v. Steele (C.A.8) 217 F.2d 13. Deducible from these decisions is the principle that under § 4241, Title 18 U.S.C.A., Congress has delegated to the Attorney General and the prison authorities, not to. the courts, the responsibility and duty of determining whether a federal prisoner in custody pursuant to a valid sentence should be confined at the Medical Center, and of determining what sort of medical care he needs. Further, these cases hold that the administrative determination of such questions is not subject to review in *habeas corpus* proceedings. In this connection, a thorough reading of the petition reveals no allegation attacking the validity of the conviction or of the sentence, under which petitioner admits that he is now in custody. Petitioner questions only his transfer and subsequent detention at the Medical Center, challenging only the action of the prison authorities at Terre Haute in sending him there and the action of the warden in keeping him there as a psychotic. Since there is no proof or allegation to the contrary, this Court will presume that the sentence imposed upon petitioner by the District Court in Tucson, Arizona, was regular and valid, and not subject to question in this cause. Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370; 20 Am.Jur., Evidence, §§ 167, 168.

Only in the exceptional circumstances involving violation of constitutional rights will the courts entertain a petition for a writ of *habeas corpus* to review the nature and conditions of a prisoner's confinement where he does not attack the validity of the sentence under which he is in custody. Some examples are: (1) where the prisoner is deprived of his right to transmit petitions for writs of *habeas corpus* out of the prison (Ex parte Hull, 312 U.S. 546, 61 S.Ct.

640, 85 L.Ed. 1034); (2) where the prisoner alleges cruel and inhuman mistreatment, such as unjustifiable bodily harm and injuries inflicted by prison guards or by co-inmates (Coffin v. Reichard (C.A.6) 143 F.2d 443, 155 A. L.R. 143); (3) where the circumstances are "so extreme as to transgress constitutional prohibitions" (Miller v. Overholser, 92 U.S.App.D.C. 110, 206 F.2d 415); (4) imprisonment of a sane person without trial (Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412); and (5) violation of the vested right to good time allowance (Douglas v. King (C.A.8) 110 F.2d 911, 127 A.L.R. 1200).

Petitioner's real contention is that he has a constitutional right to earn allowance for good time under § 4161, Title 18 U.S.C.A., and that his detention in the Medical Center under § 4241, Title 18 U.S.C.A. is depriving him of this constitutional right. However, it appears well-settled that the good time allowance provided by § 4161, Title 18 U.S.C.A. (and its predecessor, § 710, Title 18 U.S.C.A.) is contingent and does not become vested until the prisoner has earned it by compliance with the statutory provisions. Douglas v. King (C.A. 8) 110 F.2d 911, 127 A.L.R. 1200; Pagliaro v. Cox (C.A.8) 143 F.2d 900; Miller v. Hardwick (C.A.5) 229 F.2d 164.

Only when earned is the allowance protected by *habeas corpus.* Section 4241, Title 18 U.S.C.A. (and its predecessor, § 876, Title 18 U.S.C.A.), which provides that mentally defective prisoners shall be transferred to a federal hospital and kept there until in the judgment of the superintendent of the hospital the prisoner has been restored to sanity, or until the maximum sentence, without deduction for good time, shall have been served, is constitutionally valid. Douglas v. King (C.A.8) 110 F.2d 911; Weldon v. Steele (W.D.Mo.) 125 F.Supp. 667.

It appears from the averments in the petition that petitioner did not have a vested right to good time when he was transferred to the Medical Center. He was sentenced for 12 years in 1956. According to § 4161, Title 18 U.S.C.A., his good time allowance would permit his release from prison after serving approximately 9 years of his sentence, if he complied with the provisions of § 4161 during that time. Since his petition was filed only some 6 years after he began serving his sentence, he must have been transferred to the Medical Center long before his right to good time allowance had vested. It is therefore

ORDERED that petitioner be, and he is hereby, granted leave to file this petition in *forma pauperis.* It is further

ORDERED that the petition for a writ of *habeas corpus* be, and the same is hereby, dismissed.