**Dennis Eugene JOHNSON, Jr., Plaintiff,**

v.

**DISTRICT OF SOUTHERN MISSOURI COMMISSIONERS, Jackson M. Reed, Protestant Chaplain, M. E. Alexander, Director of Prisons, Pasquale J. Ciccone, M.D., Warden, Cob Ernake, Assistant Warden, Defendants.**

**No. 2231.**

United States District Court
W. D. Missouri, S. D.

Feb. 21, 1966.

Dennis Eugene Johnson, Jr., pro se.

Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for defendants.

ORDER DISMISSING PETITION

COLLINSON, District Judge.

The plaintiff, Dennis Eugene Johnson, Jr. is a prisoner at the Medical Center for Federal Prisoners, Springfield, Missouri. Plaintiff has filed with the Court a petition and supporting affidavit for leave to proceed without prepayment of costs or fees. The plaintiff has named as defendants Jackson

---

M. Reed, Protestant Chaplain, M. E. Alexander, the Director of Prisons, Pasquale J. Ciccone, M. D., Warden, and Cob Ernake, Assistant Warden, and also "District of Southern Missouri Commissioners," which the Court can only assume means the United States Commissioner for the Southern Division of the Western District of Missouri.

The plaintiff's petition prays for an injunction and for damages in the amount of $100,000.00 "for the denial of equal protection of the laws." The Court will, therefore, treat the petition as a complaint in two counts. The first count, praying for injunction, alleges that the plaintiff is a Muslim and a follower of Islam, and that on January 3, 1966, he requested permission to attend Islam meetings; that the officials of the Medical Center for Federal Prisoners denied the plaintiff the right to attend such meetings. Based on these allegations, the plaintiff seeks an order from the Court, which would be in the nature of a mandatory injunction, to compel the defendants to allow the plaintiff to attend such religious meetings.

On the same allegations the plaintiff alleges that under § 1983 of Title 42 U.S.C. the plaintiff is entitled to damages from the defendants in the sum of $100,000.00. Plaintiff alleges jurisdiction in this court under §§ 1331 and 1342 of 28 U.S.C. The latter citation appears to be in error, because this section has to do with rate orders of state agencies. § 1331 would, of course, establish jurisdiction because the amount claimed exceeds $10,000.00 and the controversy deals with a federal question, if the plaintiff is correct in his claim that § 1983 of Title 42 gives him a cause of action.

■ The question of the supervision of a court over prison authorities, and especially with the regulation or forbidding of Black Muslim meetings by inmates of penitentiaries, has been the subject of a number of cases. In the case of Jones v. Willingham, Warden of the United States Penitentiary at Leavenworth, Kansas, 248 F.Supp. 791, in the Kansas District Court, Chief Judge Stanley wrote a very comprehensive opinion on the entire question. In that case a voluminous record was made and numerous exhibits were received. In a very complete opinion Chief Judge Stanley refused injunctive relief for the admitted refusal by the defendants to allow the plaintiff to assemble or worship in the Islam religion, to receive religious instructions from Muslim ministers, and to receive literature published by the Nation of Islam. The case of Cooper v. Pate, 324 F.2d 165 (7th Cir. 1963), contains a summary of the decisions which deny plaintiff's contentions in this case. It has been held repeatedly that federal courts should not interfere with the internal administration of penal institutions, particularly relative to the regulations imposed on prisoners which are necessary to maintain order and discipline in the institution. It is apparent then, that even if the plaintiff could prove all the allegations in his petition for injunctive relief, the Court would be unable to grant such relief under the authorities.

■■ As to the second cause of action for $100,000.00, it is obvious that the plaintiff has mistaken the meaning of § 1983 of Title 42 U.S.C. This section grants a cause of action against those acting under color of state law and not against those acting under color of federal law. Norton v. McShane, 332 F.2d 855 (5th Cir. 1964); Randolph v. Wheeler, 223 F.Supp. 260 (S.D.Calif.1963).

In view of the foregoing authorities, the Court must conclude that, taking all of the allegations of the plaintiff's petition as true, there is no cause of action stated against the defendants on either count thereof. In order that the plaintiff's rights may be protected, and that he can appeal if he sees fit from this Court's decision herein, the Court will order the petition herein filed in forma pauperis, but that no process issue, and that the cause be dismissed for failing to state a cause of action.

It is so ordered.