UNITED STATES of America ex rel.
Murray OSTIN, Petitioner,

v.

The WARDEN, FEDERAL DETENTION
HEADQUARTERS, NEW YORK,
Respondent.

No. 68 Civ. 4530.

United States District Court
S. D. New York.

Feb. 27, 1969.

Murray Ostin, pro se.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for the United States; Maurice M. McDermott, Asst. U. S. Atty., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, currently held at the Federal Detention Headquarters in New York City on a parole violation warrant issued by the United States Board of Parole, seeks to enjoin the Board from revoking his parole.

Petitioner, upon his conviction for interstate theft, was sentenced to a three-year term, which he commenced to serve on September 21, 1964. He was given a mandatory release on November 28, 1966, when he consented, as he alleges, "under protest" to the terms and conditions of his release. At that time, 296 days of his sentence remained unserved. On February 15, 1967, the Parole Board issued a warrant for petitioner's arrest based upon a parole violation which allegedly occurred on January 11, 1967. The warrant was not executed until September 6, 1968, when petitioner was arrested pursuant thereto and committed to the Federal House of Detention. A revocation hearing has since been held and petitioner's parole was revoked. Since he is still held at the Detention Headquarters, his application is deemed one for a writ of habeas corpus.[1]

1. Cf. Halprin v. United States, 293 F.Supp. 1186, 1187 (S.D.N.Y.1968).

■ Petitioner challenges his detention on various grounds, all of which are without substance. First, he claims that his refusal to accept the terms and conditions of his mandatory release deprived the Board of all jurisdiction over him. That he signed the certificate of mandatory release "under protest," thus manifesting refusal to accept its conditions, is without significance. The conditional nature of the release is not impaired by the petitioner's consent, or lack thereof, to the terms governing the release.[2]

■■ Next, petitioner contends that he cannot lawfully be required to serve good time and industrial time previously earned. The federal parole statutes provide that nonservice of the unexpired portion of the parolee's sentence and the retention of "good time" and "industrial time" credits are conditional on the parolee's observing the terms of his release.[3] The statutory scheme applies to mandatory releasees as well as to those prisoners whom the Board has paroled in its discretion.[4] The revocation of petitioner's "good time" credits upon his retaking under the warrant was constitutional.[5]

■ Petitioner's final contention that his arrest under the parole warrant was invalid and that it could have been encompassed only by a writ of habeas corpus is entirely without substance. There is no contention that the warrant itself was not timely issued or executed by the Parole Board pursuant to its statutory authority.[6]

The petition is dismissed.

2. Welch v. Taylor, 292 F.2d 481, 482 (10th Cir. 1961); Singleton v. Looney, 218 F.2d 526, 528 (10th Cir. 1955); Hicks v. Reid, 90 U.S.App.D.C. 109, 194 F.2d 327, 329, cert. denied, 344 U.S. 840, 73 S.Ct. 51, 97 L.Ed. 653 (1952); Smith v. United States Board of Parole, 269 F.Supp. 760, 762 (W.D.Okla.1967); McMillan v. Parker, 254 F.Supp. 365, 366 (M.D.Pa.1966), aff'd per curiam, 378 F.2d 444 (3d Cir. 1967); cf. Robinson v. Willingham, 369 F.2d 688, 689 (10th Cir. 1966) (coercion claim irrelevant).

3. 18 U.S.C. §§ 4162, 4164, 4207; Howard v. United States, 274 F.2d 100, 103 (8th Cir.), cert. denied, 363 U.S. 832, 80 S.Ct. 1604, 4 L.Ed.2d 1525 (1960); Northcutt v. Wilkinson, 266 F.2d 2 (5th Cir. 1959); Hockaday v. United States, 248 F.2d 950, 951 (4th Cir. 1957); Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, 188, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938).

4. 18 U.S.C. § 4164; Castillo v. United States, 391 F.2d 710, 711 (2d Cir. 1968) (semble); Shelton v. United States Board of Parole (The Parole Board Cases), 128 U.S.App.D.C. 311, 388 F.2d 567, 571 (1967); Robinson v. Willingham, 369 F.2d 688, 689 (10th Cir. 1966); Birch v. Anderson, 123 U.S.App.D.C. 153, 358 F.2d 520, 523 (1965). See also Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 234, cert. denied sub nom. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963).

5. Desmond v. United States Board of Parole, 397 F.2d 386, 390, 391–392 (1st Cir.), cert. denied, 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968); Phillips v. United States Board of Parole, 122 U.S.App.D.C. 235, 352 F.2d 711, 713 (1965); Frierson v. Rogers, 289 F.2d 234, 235 (5th Cir. 1961) (not a deprivation of right vested by statute); Miller v. Hardwick, 229 F.2d 164, 164–165 (5th Cir. 1956) (same); O'Neal v. Fleming, 201 F.2d 665, 666 (4th Cir. 1953) (same); Hedrick v. Steele, 187 F.2d 261, 263 (8th Cir. 1951) (not double jeopardy); Dolan v. Swope, 138 F.2d 301, 304 (7th Cir. 1943) (same); Chandler v. Johnston, 133 F.2d 139, 142 (9th Cir. 1943) (not cruel and unusual punishment, nor an ex post facto law); Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, 188, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938) (not a bill of attainder); In re Baptista, 206 F.Supp. 288, 290 (W.D.Mo.1962) (no deprivation of vested right). See also United States ex rel. Callens v. Buono, 260 F.Supp. 313, 314–315 and nn. 3–7 (S.D.N.Y.1966); Woods v. Steiner, 207 F.Supp. 945, 948–949 (D.Md.1962) (dictum).

6. 18 U.S.C. § 4205; cf. Hamilton v. Hunter, 65 F.Supp. 319, 321 (D.Kan.1946).