**Raymond J. CASEY, Plaintiff**

**v.**

**Dr. P. J. CICCONE and Donald Chatterton, Defendants.**

**Civ. A. No. 17712-3.**

United States District Court
W. D. Missouri, W. D.

Oct. 16, 1969.

Raymond J. Casey, pro se.

Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., for defendants.

BECKER, Chief Judge

Plaintiff, formerly an inmate in the United States Medical Center and now residing in Cleveland, Ohio, has submitted a complaint seeking ten million dollars in damages from defendants for alleged denials of federally protected rights while he was confined in the Medical Center. Plaintiff apparently bases jurisdiction of this action on the Federal Civil Rights Act (Sections 1981 to 1988 inclusive, Title 42, U.S.C.). He relies on

Section 1343, Title 28, U.S.C. and lays venue in the Western Division of this District. The complaint charges violations of petitioner's rights guaranteed by "the First, Sixth, Thirteenth, Fourteenth and Fifteenth Amendments of the United States Constitution." Both defendants are alleged to reside at Springfield in the Southern Division of this District.

Plaintiff states that defendants prevented him from "petitioning the Government for a redress of grievances"; that his First Amendment rights of freedom of speech and press were circumscribed; that he sent over 60 letters to Congress while in the Medical Center and only 7 "did get through" while the others "never left the Medical Center"; that he was denied his Sixth Amendment right to "the enjoyment of a trial and to be confronted with the witnesses against him and the process of obtaining [his own] witnesses"; that plaintiff was forced to work while in the Medical Center in violation of his rights under the Thirteenth Amendment; that he was denied equal protection under the Fourteenth Amendment in being imprisoned without having been convicted; that he was prevented from voting in the 1968 General Election in violation of his rights under the Fifteenth Amendment; that plaintiff was denied adequate medical treatment while in the Medical Center; that his commitment to the Medical Center was unconstitutional; and that plaintiff never received communications from this Court regarding his pending cases because of the interference of defendants.

■■ Plaintiff does not state a claim under the Federal Civil Rights Act. "This section [1983 of Title 42] grants a cause of action against those acting under color of state law and not against those acting under color of federal law." Johnson v. District of Southern Missouri Commissioners (Ciccone) (W.D.Mo.) 258 F.Supp. 669, affirmed (C.A.8) 368 F.2d 184.

■ Further, if this complaint were amended to state an action based on diversity of citizenship, venue would not lie in this division because plaintiff does not reside in this division and the acts complained of did not occur therein. Sec. 1391(b), Title 28, U.S.C. The files in plaintiff's consolidated habeas corpus actions in this Court conclusively show plaintiff's residence to be in Ohio. See Casey v. Ciccone, (W.D.Mo.) Civil Actions No. 17236-3, 17314-3. Venue is fixed impliedly in such a case by Section 1393(a) in the division in which both defendants reside. 1 Moore's Federal Practice ¶ 0.143[4], p. 1563, n. 5.

■ Under all the circumstances it is deemed appropriate in the discretion of the Court to dismiss this action rather than to transfer it to the Southern Division under Section 1406(a), Title 28, U.S.C. It is therefore

Ordered and adjudged that this cause be, and it is hereby, dismissed for lack of jurisdiction and improper venue.