**William CAGLE, Jr., Petitioner,**

**v.**

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.**

**Civ. A. No. 1777-3.**

United States District Court
W. D. Missouri, W. D.

Nov. 19, 1969.

William Cagle, Jr., pro se.

No response by the Government.

**ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION FOR HABEAS CORPUS**

BECKER, Chief Judge.

Petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus to relieve him of certain conditions of confinement from which he alleges that he is currently suffering. Leave to proceed in forma pauperis is also requested. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted of the offense of second degree murder by a jury in the United States District Court for the District of Columbia; that he was sentenced on that conviction to a term of 10 years to life imprisonment on July 21, 1952; that he appealed the judgment of conviction and imposition of sentence; that his appeal was dismissed by the Court of Appeals for the District of Columbia Circuit on June 10, 1953; that petitioner has previously filed petitions for habeas corpus with respect to this conviction and confinement in the "federal District Court in Lewisburg, Pa., Ga., New Orleans Apls Ct., Mo.Sup.Ct.," all of which were denied; that he has filed a motion to vacate sentence in the sentencing court, which was also denied; and that petitioner was represented by counsel at his arraignment and plea, his trial and at his sentencing.

Petitioner states the following as grounds for his contention that the conditions of his confinement violate his federally protected rights:

"(a) Petitioner want officer Raymond Rowin to stay off his back and stop messing with him. Rowin said he don't care how many writs I write on him. Rowin need to be put off his job. Rowin is a dirty officer." (sic)

"(b) This was on September 22, 1969, Officer Rowin harrassed petitioner I had my Muslim Crescent Medal tied up around my neck Rowin said take that rock out that chain. The white inmates wearing they medals outside they T-shirts and nothing said about it. (sic)

"(c) Nothing were never said about medals wearing outside T-shirt [until] they saw me wearing my medal outside my T-shirt." (sic)

■ Habeas corpus is the proper method by which to challenge the constitutionality or legality of the conditions of one's confinement. Harris v. Harris (W.D.Mo.) 222 F.Supp. 918, 919; In re Baptista (W.D.Mo.) 206 F.Supp. 288. By virtue of Section 4082, Title 18, U.S.C., however, the care, custody, control, treatment and discipline of federal prisoners is vested in the Attorney General or his authorized delegate. Absent the violation of a constitutional or statutory right or other exceptional circumstances, their actions will not be reviewed by the courts. Harris v. Settle (C.A.8) 322 F.2d 908, cert. den. 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179; Austin v. Harris (W.D.Mo.) 226 F.Supp. 304; Edmundson v. Harris (W.D.Mo.) 239 F.Supp. 359; Sutton v. Ciccone (W.D.Mo.) 292 F.Supp. 374. Petitioner's allegations in this case are the same, with the exception of the date and the allegation of prior unequal application of the regulation, as those previously presented to this Court in Cagle v. Ciccone (W.D. Mo.) Civil Action No. 17335-3. In that case, petitioner's complaints of his being forced to wear his religious medal inside his tee shirt were held to be without merit as a claim of denial of federally protected rights. The policy of the Medical Center, as set down in a reasonable regulation consistent with Section 4082, forbids the wearing of religious medals outside tee shirts. See Policy Statement No. H-7001.3B. Petitioner further alleges in this case, however, that the policy statement was not uniformly enforced against white prisoners until it was initially enforced against petitioner. Petitioner does not thereby state that the regulation continues to be unequally applied. It is necessary that conditions of confinement which violate federally protected rights be continuing for them to be cognizable in habeas corpus proceedings. In re Baptista, *supra*.

■ Petitioner's request that Officer Rowin be "put off his job" is not within the cognizance of this Court. Under Section 4001, Title 18, United States Code, the employment and termination of employment of Medical Center employees is within the sole discretion of

the Attorney General or his authorized representative.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for habeas corpus be, and it is hereby denied.