**H. J. JONES, Petitioner,**

v.

**R. I. MOSELEY, Warden, and U. S. Attorney General, et al., Respondents.**

**Civ. No. L–1238.**

United States District Court,
D. Kansas.

May 11, 1970.

MEMORANDUM AND ORDER

THEIS, District Judge.

There has been lodged with the Clerk of this Court a petition for a writ of habeas corpus, signed and verified by the petitioner, H. J. Jones. Accompanying the petition is an application in affidavit form for leave to proceed without prepayment of fees, as required by 28 U.S. C.A. § 1915.

The petitioner is presently in the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas, apparently pursuant to a parole violator's warrant issued by the United States Board of Parole, based on the alleged violation of the conditions of petitioner's previous release as a mandatory releasee under 18 U.S.C.A. § 4164.

This petitioner had previously filed a petition for habeas corpus in this Court before this Judge in 1967, and pursuant to an adjudication made in that case, viz., H. J. Jones, Petitioner, v. J. T. Willingham, Warden, Respondent, Civil No. L–202, this Court ordered the defendant released from custody for the reason that the findings of fact made in that case, including the official rec-

ords of the United States Penitentiary at Leavenworth, as to the computation of time served by the petitioner on the term of his sentence, "and in compliance with 18 U.S.C. §§ 4161, 4162, 4163 and 4164, the petitioner should be granted his freedom immediately and forthwith." At that time Jones was serving a sentence of imprisonment imposed on May 25, 1961 by the United States District Court for the Eastern District of Michigan, Southern Division, of concurrent terms of ten years each on four counts for violation of 26 U.S.C.A. § 4605(a) and 21 U.S.C.A. § 174, all of which were non-parolable offenses. The evidence before the Court in Civil No. L–202 in the form of prison records, which was considered by the Court, indicated that he had earned some 1360 days of good time credit under 18 U.S.C.A. §§ 4161 and 4162.

Petitioner's current petition alleges that his present incarceration in the United States Penitentiary at Leavenworth on a parole violator's warrant is illegal because this Court completely and irrevocably discharged him in its order in Civil No. L–202, and that the certificate of mandatory release issued at that time, that is, January 15, 1968, is illegal and void and imposed conditions and requirements contrary to the Court's order in Civil No. L–202.

It is quite apparent on the face of the current petition that H. J. Jones either has not read, has not been informed, has misconstrued, or fails to comprehend correctly the provisions and substance of the Court's order in L–202. The gist of the Court's order in L–202 that petitioner was subject to immediate release was due to the Court's construction of 18 U.S.C. § 3568 and Rule 38(a) (2) of the Federal Rules of Criminal Procedure and their applicability to custody time spent in the Milan State Prison in Michigan, and the efficacy of an appeal bond of the petitioner from the trial of the case in which sentence of imprisonment was imposed. In Case L–202 consideration was given for the good time credits in the computation of the service of his sentence. It should be pointed out to

this petitioner that the order in L–202 very plainly set forth that he was being released in compliance with 18 U.S.C.A. § 4161, § 4162, § 4163 and § 4164. The pertinent part of 18 U.S.C.A. § 4164, entitled "Released Prisoner as Parolee," reads as follows:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole, *until expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.*"

(Italicizing emphasis supplied.)

Since petitioner's sentence began on May 25, 1961 and was extant for the ten-year period, the ten-year period would be up at the end of the day on May 24, 1971, less the 180 days, if no good time credits were to be deducted or allowable. Such a full term would expire then some six months prior to May 24, 1971, which, on a rough computation, would be approximately November 24, 1970. It is therefore obvious on the face of this petition, construed in the light of the order in L–202, the applicability of 18 U.S.C.A. § 4164 and the evidence before the Court from the previous case as to the good time allowances, that this petition must be denied.

There are numerous court cases interpreting the statutory provisions of 18 U.S.C.A. § 4161 through § 4166. It has long been held that the legislative enactment of 18 U.S.C.A. § 4164 is constitutional. See Story v. Rives, 68 App. D.C. 325, 97 F.2d 182, cert. denied 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938); Desmond v. United States Board of Parole, 397 F.2d 386 (1st Cir.), cert. denied 393 U.S. 919, 89 S.Ct. 249, 21 L.Ed.2d 206 (1968); and United States ex rel. Ostin v. Warden, Federal Detention Headquarters, D.C., 296 F. Supp. 1135 (1969).

It has further been held that the statutory scheme of non-service of an unexpired portion of a parolee's sentence and retention of "good time" and "industrial time" credits, are conditional

**457**

on parolee's observing terms of his release, and applies to mandatory releasees as well as to those prisoners whom the United States Parole Board has paroled in its discretion. See United States ex rel. Ostin v. Warden, supra. Again, the Court would point out that petitioner's current status is that of a mandatory releasee, as contrasted with a person paroled by the Board of Parole, which, as petitioner points out in his petition, has no power of parole because of his narcotic offenses.

The real basis of the decision here is the same as that succinctly stated by Chief Judge Becker in Williams v. Ciccone, D.C., 293 F.Supp. 271 (1968):

"The privilege granted to a prisoner whereby he is conditionally released from prison in no way affects the legal length of his term of commitment to custody. A conditional or mandatory release is a substituted form of release from custody subject to applicable statutes and the rules and regulations administered by the Board of Parole. For misconduct while conditionally released, up and until the last 180 days of his maximum term or terms, he is subject to being retaken into custody on a warrant, having his previously earned good time forfeited, and being required to recommence service of his sentence 'at a point where this had been left off when he was conditionally released.'"

This Court concludes that the petitioner is not entitled to a writ of habeas corpus, nor an order to show cause why one should not be issued, and is presently in the lawful custody of the Warden of the United States Penitentiary at Leavenworth, Kansas.

It is therefore ordered that leave to proceed herein without prepayment of fees is hereby granted, and the Clerk shall file the pleadings currently lodged.

It is further ordered that the action so filed be, and it is hereby, dismissed without prejudice. The Clerk shall enter judgment accordingly.

It is further ordered that the Clerk transmit copies of this Memorandum and Order to the parties named herein and to the office of the United States Attorney at Wichita, Kansas.