**Carl W. WOLF, Plaintiff,**

v.

**Donald CHATTERTON, Parole Officer, United States Medical Center for Federal Prisoners, Springfield, Missouri, Defendant.**

**Civ. A. No. 18366-3.**

United States District Court,
W. D. Missouri,
Western Division.
May 18, 1970.

Carl W. Wolf, pro se.

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR LACK OF JURISDICTION

WILLIAM H. BECKER, Chief Judge.

Plaintiff, a federal convict confined in the United States Penitentiary in Leavenworth, Kansas, has submitted a letter dated April 22, 1970, in which he complains that the defendant forged his signature to a motion for records pursuant to a motion to vacate sentence under § 2255, Title, 28 U.S.C., filed in plaintiff's sentencing court, the United States District Court for the Northern District of Oklahoma; and that defendant also prevented the original § 2255 motion from being mailed to that Court. Plaintiff states that thereby he was denied due process of law under the 14th Amendment to the United States Constitution and requests that this Court "take necessary steps in this matter."

Treated as a petition for habeas corpus or other extraordinary relief to restrain and prevent present and future harm to the rights of plaintiff, however, the petition should be denied as moot. Plaintiff is no longer imprisoned in the Medical Center. Therefore, the alleged denials complained of cannot be continuing to merit consideration for habeas corpus or other similar relief. See In re Baptista (W.D.Mo.) 206 F.Supp. 288.

Nor can this action be treated as an action under the Federal Civil Rights Act, Section 1983, Title 42, U.S.C. That section grants a cause of action against state officers and others acting under color of state law, but not against federal officers. See Casey v. Ciccone (W.D.Mo.) 306 F.Supp. 698, and cases therein cited.

Treated as a claim under the Federal Tort Claims Act, the action cannot be entertained in this Court because there is no allegation that administrative remedies have been exhausted under § 2675(a) of Title 28, U.S.C., providing that claims against the United States for money damages for injuries or loss of property caused by an employee of the United States within the scope of his office or employment shall first be presented "to the appropriate Federal Agency."

Finally, treated as a claim for damages either under the diversity statute, Section 1332 of Title 28, U.S.C., or under the "federal question" statute, Section 1331, Title 28, U.S.C., the complaint should be dismissed for failure to state the requisite amount in controversy.

To save time and unproductive effort, plaintiff will be granted leave to pro-

ceed in forma pauperis. For the foregoing reasons, however, the complaint herein should be dismissed for lack of jurisdiction. It is therefore

Ordered that plaintiff be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered and adjudged that the complaint herein be, and it is hereby, dismissed for lack of jurisdiction.