James J. WELSH, Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 18294–3.

United States District Court,
W. D. Missouri, W. D.

June 10, 1970.

James J. Welsh, pro se.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Western District of Missouri, Kansas City, Mo., for respondent.

## ORDER GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS

WILLIAM H. BECKER, Chief Judge.

In his petition herein for habeas corpus, petitioner, an unconvicted inmate of the United States Medical Center for Federal Prisoners, complained that he had been subjected to "involuntary servitude" by Medical Center officers who "forced" him to shave off his mustache. Because petitioner may thereby have stated the denial of federally protected rights if his petition were read liberally in accordance with the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the show cause order of this Court issued on May 18, 1970, requiring a response within 20 days. Before the response was due to be filed, respondent orally requested leave of this Court to transfer petitioner to the committing court for the purposes of a competency hearing to determine his competency to stand trial on the charges against him. On May 22, 1970, accordingly, this Court entered its order granting respondent leave to transfer petitioner to the committing court for the purposes stated above. On May 29, 1970, petitioner was transferred to the United States District Court for the Southern District of Mississippi in accordance with the leave so granted. Thereafter, on June 5, 1970, essentially under the rationale of In re Baptista (W.D.Mo.) 206 F.Supp. 288, that a complaint of conditions of confinement must be continuing to warrant extraordinary relief in habeas corpus or otherwise, the petition was dismissed as moot.

On June 5, 1970, after the signing and entering of the order dismissing the petition herein as moot, this Court received a letter from petitioner stating that he desired to appeal the order entered herein on May 22, 1970, granting the respondent leave to transfer petitioner back to the committing court.

It does not appear, however, that the order of May 22, 1970, was an "appealable order" as defined by the recent decisions of the Eighth Circuit Court of Appeals. An appealable order must be final. "A final decision generally is one which ends litigation on the merits and leaves nothing for the court to do but execute the judgment." Stewart v. Bishop (C.A.8) 403 F.2d 674, 678. Further, the local requirement that respondent notify this Court and request leave to transfer an inmate who has a habeas corpus petition pending in this Court would not appear to confer any federally protected right upon petitioner, when his transfer back to the committing court was accomplished in accordance with an order of that court, which, under law, has continuing jurisdiction of him while he is committed under the provisions of Sections 4244–46, Title 18, U.S. C., prior to trial. Further, the transfer of the petitioner does not divest this Court of jurisdiction to adjudicate his habeas corpus petition contending that extraordinary circumstances exist in the conditions of his confinement. The adjudication was not finally accomplished until June 5, 1970, when the petition was dismissed as moot under the rule of In re Baptista, *supra*. The order of June 5, 1970, therefore, is the only appealable order entered prior to the receipt of petitioner's letter on June 5, 1970. Since petitioner is representing himself in this action and the Court should therefore follow the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, that his pleadings should be liberally construed, petitioner's letter of June 5,

1970, should be treated as a notice of appeal from the order of June 5, 1970, dismissing his petition for habeas corpus as moot. Petitioner can thereby be given an opportunity to appeal in respect of all matters decided in this action. Further, petitioner will be granted leave to appeal in forma pauperis in accordance with Section 1915, Title 28, U.S.C., since his indigency has been evidenced by his original poverty affidavit herein and the appeal is taken in good faith. Although the issue sought to be raised by petitioner on appeal are without merit, they are not plainly frivolous. See Blackmun, In Forma Pauperis Appeals, 43 F.R.D. 343. Petitioner therefore meets the requirements of Section 1915, *supra.* It is therefore

ORDERED that petitioner be, and he is hereby, granted leave to appeal in forma pauperis.