398 F.2d 481
 Luis Soto PADILLA, Appellant,
v.
Thomas C. LYNCH, Attorney General of the State of
California, John Doe, Chairman of the Adult
Authority, Arthur L. Oliver, Warden of
Folsom State Penitentiary, Appellees.
 No. 21924.
 United States Court of Appeals Ninth Circuit.
 July 22, 1968.
 
 1
 Luis Soto Padilla, in pro. per.
 
 
 2
 Thomas C. Lynch, Atty. Gen., Edward P. O'Brien, Deputy Atty. Gen., San Francisco, Cal., for appellees.
 
 
 3
 Before CHAMBERS and BROWNING, Circuit Judges, and* BELLONI, District Judge.
 
 
 4
 BELLONI, District Judge.
 
 
 5
 Appellant contends that he has been denied equal protection, contrary to the Fourteenth Amendment of the United States Constitution, because the California Adult Authority denied him a parole.
 
 
 6
 The appeal is from the district court's dismissal of his complaint for failure to state a claim upon which relief can be granted.
 
 
 7
 The complaint, brought pursuant to the Civil Rights Act, 42 U.S.C. 1983, and the Declaratory Judgments Act, 28 U.S.C. 2201, alleged that he and a co-defendant were given the same sentence (six to ten years indeterminate) and both had 'uneventful but productive confinement.' Yet the co-defendant was granted a parole after three and one-half years, while after seven and one-half years appellant remains in penal custody. In a conclusory allegation he states that the reason he was denied his parole was that he refused to divulge information about criminal activities of his fellow prisoners. The complaint prayed for
 
 
 8
 1) a declaratory judgment that he be 'paroled or shown probable cause why such parole is denied,'
 
 
 9
 2) a declaratory judgment that the Adult Authority must comply with the Fourteenth Amendment and
 
 
 10
 3) an injunction against further discrimination crimination by the Adult Authority.
 
 
 11
 The Attorney General of California and the Warden of Folsom Prison are joined because they are alleged to have 'conspired to and did deprive plaintiff of the equal protection of the laws.'
 
 
 12
 In order to state a valid claim under Sec. 1983,[1] the complaint must allege facts which, if true, would show that the defendants, while acting under color of State law, subjected the plaintiff to the deprivation of a constitutional right. DeWitt v. Pail, 366 F.2d 682 (9th Cir. 1966); Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). We agree with the district court that Padilla's complaint fails to meet that test.
 
 
 13
 Parole is a form of custody. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1962). Thus, the gist of the complaint is that the authorities have refused to transfer him from one form of custody to another. This is not sufficient to state a claim under the Civil Rights Act, because it does not allege a violation of a right secured by the Constitution. or statures of the United States. Stiltner v. Rhay, 322 F.2d 314 (9th Cir. 1963).
 
 
 14
 Affirmed.
 
 BROWNING, Circuit Judge, (dissenting):
 
 15
 On its fact the order of the district court dismissed only the complaint, not the action. However, since the district court issued a certificate of probable cause and granted leave to appeal in forma pauperis, it is clear that the court 'determined that the action could not be saved by amending the complaint, and that the order dismissing the complaint was, in effect, one dismissing the action.' DeWitt v. Pail, 366 F.2d 682, 685 (9th Cir. 1966).
 
 
 16
 The dismissal of the action without affording an opportunity to amend can be affirmed only if it appears from the allegations of the complaint that there was an insuperable bar to relief. Corsican Productions v. Pitchess, 338 F.2d 441, 442-443 (9th Cir. 1964). See also Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d 787 (9th Cir. 1963).
 
 
 17
 The majority holds that such a bar was present in this case. The reasoning appears to be that since parole like incarceration 'is a form of custody,' nothing of significance occurs when a change from one to the other is granted or refused, and therefore the denial of parole to plaintiff in this case could not have violated any of his constitutional rights thereby giving rise to a claim under the Civil Rights Act.
 
 
 18
 In the real world incarceration and parole are vastly different conditions.[1] The parolee's status, whatever its limitations, has far more in common with liberty than with imprisonment. When the State grants, denies, or revokes parole it takes action which directly and significantly affects the personal freedom of the accused, and the State violates the Fourteenth Amendment whenever that action is arbitrary, basically unfair, or invidiously discriminatory. Sturm v. California Adult Authority, 395 F.2d 446, 449 (9th Cir. 1968) (concurring opinion). Cf. Eason v. Dickson, 390 F.2d 585, 589 n. 4 (9th cir. 1968). No one would contend that officers of the State could grant, deny, or revoke parole on the basis of the accused's color or religion, for example, without offending the Constitution and exposing themselves to liability under the Civil Rights Act.
 
 
 19
 Dismissal of appellant's complaint was justified because its allegations of denial of due process and equal protection lacked the factual specificity that is required in these cases (Stiltner v. Rhay, 322 F.2d 314, 316 n. 4 (9th Cir. 1963); Williams v. Dunbar, 377 F.2d 505, 506 (9th Cir. 1967)), but dismissal of the action is improper.
 
 
 20
 The judgment should be reversed and the cause remanded to allow appellant an opportunity to amend his complaint.
 
 
 
 *
 Honorable Robert C. Belloni, United States District Judge, District of Oregon, sitting by designation
 
 
 [1]
 For the purposes of this opinion we have assumed, but not expressly decided, that 42 U.S.C. Sec. 1983 authorizes an action against these defendants. Appellees claimed immunity from civil liability arising out of official discretionary functions. Since we have decided that the dismissal was proper, we do not reach the immunity contention
 
 
 [1]
 'All others can see and understand this. How can we properly shut our minds to it?' Bailey v. Drexel Furniture Co. (Child Labor Tax Case), 259 U.S. 20, 37, 42 S.Ct. 449, 450, 66 L.Ed. 817 (1922). 'There comes a point where this Court should not be ignorant as judges of what we know as men.' Watts v. State of Indiana, 338 U.S. 49, 52, 69 S.Ct. 1347, 1349, 93 L.Ed. 1801 (1949)