**Timothy CLEAVER, Petitioner,**

v.

**G. V. RICHARDSON, Respondent.**

**Civ. No. 68–1862.**

United States District Court
C. D. California.

April 17, 1969.

Timothy Cleaver, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Herbert M. Schoenberg, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

At the time of the filing of the present petition, petitioner was incarcerated in the Federal Correctional Institution at Terminal Island, California, as the result of a parole violation. Petitioner is now in federal custody in the Federal Correctional Institution and Medical Facility at Springfield, Missouri. The relevant facts leading to the present action are summarized as follows:

On February 17, 1961, the petitioner was convicted in the United States District Court for the Southern District of Alabama of a violation of the Dyer Act (28 U.S.C. § 2312) and was sentenced to two three-year sentences, to run consecutively. On February 25, 1965, petitioner was released under the mandatory release provisions of 18 U.S.C. §§ 4163, 4164 with a total of 721 days remaining to be served under his original sentence.

On September 28, 1965, the United States Board of Parole issued a warrant for the arrest of petitioner for violations of the conditions of release, and he was arrested on March 15, 1966 and committed to federal custody to serve out the balance of his sentences.

On February 10, 1967, the petitioner was "re-mandatorily released" by the United States Board of Parole effective as of March 8, 1967. On March 14, 1967 a "Certificate of Parole (Re-Mandatory Release)" was executed and petitioner was released on March 17, 1967, with a total of 353 days remaining to be served under his original sentences and an expiration date of March 4, 1968.

On October 13, 1967 the United States Board of Parole again issued a warrant

for petitioner's arrest for violation of conditions of release. Before the warrant could be executed, however, the petitioner had been sentenced and committed to a term of five months' imprisonment by the United States District Court for the Southern District of California for violation of the Dyer Act (18 U.S.C. § 2312). When petitioner was released from that imprisonment, the above-mentioned warrant was executed, and petitioner was arrested and imprisoned on September 23, 1968 to serve the unexpired portion of his original sentences, namely, 353 days.

The sole issue presented for this Court's determination is the legal effect of the "Certificate of Parole (Re-Mandatory Release)" granted by the United States Board of Parole whereby petitioner was released on March 17, 1967. In essence, petitioner contends that he was reinstated on mandatory release status pursuant to 18 U.S.C. §§ 4163, 4164; and, consequently, he charges that the warrant issued on October 13, 1967 was invalid since under those sections the supervision of the Parole Board terminated on or about September 4, 1967 —180 days prior to the expiration of the balance of his original sentences, March 4, 1968.

In support of this contention, petitioner draws this Court's attention to the "Certificate of Parole (Remandatory Release)" issued March 14, 1967, and the warrant for his arrest, issued October 13, 1967. We note that the "Certificate of Parole" has been subtitled "Remandatory Release"; and wherever the words "parole" or "paroled" appear in print they have been crossed out and the words "re-mandatorily released" have been typewritten. Moreover, the warrant is entitled "Warrant—For Retaking Prisoners Mandatorily Released Under Authority Section 4163, Title 18 U.S.C."

This entire controversy and the understandable confusion of the petitioner is obviously due to the Board of Parole's use of the words "remandatory release" and "remandatorily released" in the printed form, "Certificate of Parole (Remandatory Release)", and the words "Mandatorily Released" in the printed form, "Warrant For Retaking Prisoners Mandatorily Released Under Authority Section 4163, Title 18, U.S.C."

In actuality, the Board of Parole exercised its discretion and authorized the release of petitioner on parole pursuant to 18 U.S.C. § 4203. Thus he was subject to parole supervision for the 353 days remainder of his term, until March 4, 1968. The use of the words "re-mandatorily released" and the use of the warrant which is normally used to retake prisoners mandatorily released under 18 U.S.C. § 4163 caused the petitioner to believe that he had been mandatorily released under 18 U.S.C. § 4163, and thus that § 4164 applies to him.

Section 4163, Title 18, United States Code, provides in pertinent part:

"Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct."

Section 4164 of Title 18, United States Code, goes on to provide in pertinent part:

"A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced *less one hundred and eighty days*." (Emphasis added)

Since petitioner was not released pursuant to § 4163, the 180-day period provided by § 4164 is not applicable to him.

The total possible amount of good-time days which petitioner could have earned after his first rearrest for violation of the terms of release would have been 189 days. Thus if he *had* been actually "mandatorily released" for the second time, the 189 days of good-time would have resulted in a release

date of August 28, 1967. Since petitioner was in fact released on March 17, 1967, it is clear that the only possible reason for this five-month early release is that the Board of Parole exercised its discretion pursuant to 18 U.S.C. § 4203 and released the petitioner on parole. It is also clear, then, that the 180-day mandatory release provision of 18 U.S.C. § 4164 is not applicable and that the warrant of October 13, 1967 was validly issued.

This precise issue has been adjudicated only once before, and the facts in the earlier case, Wright v. Blackwell, 402 F.2d 489 (5th Cir. 1968), are remarkably similar to the instant case. The Court in *Wright* declared that:

"There is nothing in the Board's rules which limits or prohibits the granting by the Board of a so-called 'remandatory release.' Such a release is actually a parole granted under the discretion of the Board at a time prior to the recomputed statutory mandatory release date. *Obviously, mandatory release and remandatory release are not the same thing.*" *Wright, supra,* at 492. (Emphasis added.)

From the preceding analysis, it is apparent that the 180-day provision of 18 U.S.C. § 4164 was not applicable to the petitioner since his release was properly caused by the action of the United States Board of Parole pursuant to 18 U.S.C. § 4203. Petitioner's release was a parole, not a mandatory release, and thus petitioner was still under parole supervision at the time of his retaking and recommitment to custody on September 23, 1968.

Further, since the sole issue raised by the petitioner is one of law and not of fact, it is clear that an evidentiary hearing is not required. And it is obvious that no grounds or reasons have been set forth which support the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be, and the same is, denied.