Louis Kempton **HUMPHREY**, Appellant,

v.

**U. S. BOARD OF PAROLE** et al.

No. 19268.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Feb. 5, 1971.

Decided March 17, 1971.

Louis K. Humphrey, pro se.

Marc L. Dembling, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S.

---

Atty., Newark, N. J., on the brief), for appellees.

Before McLAUGHLIN and VAN DUSEN, Circuit Judges, and HANNUM, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

■ On May 21, 1964 appellant was convicted in the United States District Court, District of New Jersey of bank robbery and putting life in jeopardy by using a dangerous weapon during a bank robbery. He was sentenced to serve a term of ten years imprisonment on each count, said sentences to run concurrently.[1] On June 5, 1970, appellant's term of sentence, less the time deducted for good conduct, expired and except as provided in 18 U.S.C., Section 4164, appellant was released. Section 4164 states "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

Appellant argues that his said release was absolute without restriction. This is admittedly the sole issue before us. In appellant's situation he was released under 18 U.S.C. § 4163 at the expiration of his term of sentence less the time deducted for good conduct. That resulted in appellant's concurrent sentences being reduced to approximately six years. The release under 4163 is expressly conditioned as the section states "Except as hereinafter provided. * * *" In § 4164 as above noted it is carefully and clearly set out that "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." All reported decisions are in accord with the above plainly right and just construction of the applicable statutes, sections 4163 and 4164.

In McMillan v. Parker, Warden et al., 254 F.Supp. 365, 366 (D.C.M.D.Pa.1966), Judge Follmer held that "Upon release under 18 U.S.C. § 4163, a prisoner is 'deemed as if released on parole until the expiration of the maximum term or terms for which he is sentenced less one hundred and eighty days.' 18 U.S.C. § 4164." We affirmed that decision, 378 F.2d 444, (3 Cir. 1967).

■ The identical problem was also before the Tenth Circuit in Robinson v. Willingham, 369 F.2d 688, 689 (1966). The court held that § 4163 must be construed in conjunction with the statute following it, Section 4164. So construed, "a prisoner released as a mandatory releasee is subject to the same conditions of release as a parolee under 18 U.S.C. § 4203."

See also Sprouse v. Settle, 274 F.2d 681, 683 (8 Cir. 1960); Miller v. Taylor, 313 F.2d 21, 22 (10 Cir. 1962), cert. denied 374 U.S. 837, 83 S.Ct. 1887, 10 L.Ed.2d 1058 (1963).

We agree with the finding of Judge Whipple in the District Court that the complaint herein is wholly without merit and we affirm its dismissal "for failure to state a claim upon which relief can be granted."

---

1. The ten-year concurrent sentences on each of the two counts are to be treated as one sentence. See Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L. Ed.2d 370 (1957).