**Miguel Moreno GODOY, Plaintiff,**

v.

**UNITED STATES BOARD OF PAROLE, Defendants.**

Civ. No. 71–2103.

United States District Court,
C. D. California.

July 12, 1972.

Miguel Moreno Godoy, in pro. per.
None for defendant.

ORDER DENYING LEAVE TO PRO-
CEED IN FORMA PAUPERIS
AND DISMISSING PETITION
FOR DECLARATORY JUDG-
MENT AND INJUNCTIVE RE-
LIEF

HAUK, District Judge.

Plaintiff comes before the Court seeking declaratory and injunctive relief from the supervision of the Board of Parole. However, he has failed to submit any facts in support of his petition other than the meager statement that he received a sentence of ten years and has been released under the mandatory release provision of 18 U.S.C. § 4163 (1948). His complaint lacks information on such basic facts as:

(1) the offense for which he was convicted;

(2) the date and place of his trial;

(3) the place of his incarceration; and

(4) the date of his release.

Pursuant to the policy of this Court, the petition in this case was permitted to be filed without prepayment of fees, subject to the subsequent order of this Court. 28 U.S.C. § 1915(a) (1948).

The petition alleges that Plaintiff was given a mandatory release under 18 U.S.C. § 4163,[1] § 4164 [2] prior to the expiration of his full sentence because of "good time" credit earned under 18 U.S.C. § 4161 [3] and/or § 4162 [4]. The basis

---

1. § 4163. Discharge

Except as hereinafter provided a prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the warden or keeper. If such release date falls upon a Saturday, a Sunday, or on a Monday which is a legal holiday at the place of confinement, the prisoner may be released at the discretion of the warden or keeper on the preceding Friday. If such release date falls on a holiday which falls other than on a Saturday, Sunday, or Monday, the prisoner may be released at the discretion of the warden or keeper on the day preceding the holiday.
18 U.S.C. § 4163 (1948)

2. § 4164. Released prisoner as parolee

A prisoner having served his term or terms less good-time deductions shall, upon

release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody. 18 U.S.C. § 4164 (1948)

3. § 4161. Computation generally

Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on

---

4. See Note 4 on page 1294.

of Plaintiff's claim is that since his release, the Defendant has been treating him as if he were on parole, purporting to regulate his conduct and threatening to return him to custody upon his violation of any of the rules and regulations of the Parole Board or upon his failure to fulfill the conditions of his mandatory release. It is the Plaintiff's contention that this attempt by the Board of Parole to subject him to their supervision is unlawful and violates his constitutional rights since the Board is allegedly without authority to supervise him under the Mandatory release statute, 18 U.S.C. § 4163 (1948). Although Plaintiff seeks declaratory and injunctive relief, we choose to treat his complaint as a petition for habeas corpus since Plaintiff has, in effect, attacked the right of the Defendant to exercise its supervision over him.

■■ Contrary to Plaintiff's contention, the Board of Parole not only has the authority to supervise an individual under the mandatory release program, but in fact has sole and exclusive jurisdiction over any parolees concerning their paroles. Hiatt v. Compagna, 178 F.2d 42 (5th Cir. 1949). However,

Plaintiff alleges that since he has been released under the mandatory release provision of 18 U.S.C. § 4163 he is in a different category than the typical parolee and therefore is not subject to the supervision of the Board of Parole. Plaintiff chooses to overlook the fact that 18 U.S.C. § 4164, the section under which Plaintiff was released, specifically provides that "a prisoner [released under this section] shall, upon release, be deemed as if released on parole" 18 U.S.C. § 4164 (1948) (emphasis added).[5] A mandatory release under this section is identical in all respects to a parole release and subjects an individual coming within its purview to supervision by the Board of Parole until the expiration of his maximum term, less one hundred and eighty days. Birch v. Anderson, 123 U.S.App.D.C. 153, 358 F.2d 520 (1965).[6] The only difference between a usual parolee and a mandatory releasee is that supervision by the Board of Parole over the latter terminates one hundred and eighty days before the end of his maximum term. 18 U.S.C. § 4164 (1948); Cleaver v. Richardson, 298 F. Supp. 758 (C.D.Cal.1969).

---

which the sentence commences to run, as follows:

Five days for each month, if the sentence is not less than six months and not more than one year.

Six days for each month, if the sentence is more than one year and less than three years.

Seven days for each month, if the sentence is not less than three years and less than five years.

Eight days for each month, if the sentence is not less than five years and less than ten years.

Ten days for each month, if the sentence is ten years or more.

When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.
18 U.S.C. § 4161 (1948)

4. § 4162. Industrial good time
A prisoner may, in the discretion of the Attorney General, be allowed a deduction from his sentence of not to exceed three

days for each month of actual employment in an industry or camp for the first year or any part thereof, and not to exceed five days for each month of any succeeding year or part thereof.

In the discretion of the Attorney General such allowance may also be made to a prisoner performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.

Such allowance shall be in addition to commutation of time for good conduct, and under the same terms and conditions and without regard to length of sentence.
18 U.S.C. § 4162 (1948)

5. *Also see:* Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 575 n. 13 (1967)

6. *Accord:* Humphrey v. United States Board of Parole, 438 F.2d 1214 (3rd Cir. 1971); Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567 (1967); Robinson v. Willingham, 369 F.2d 688 (10th Cir. 1966)

It is well settled that the granting of parole by the United States Parole Board is not a matter of right, but is a matter of legislative grace. Arketa v. Wilson, 373 F.2d 582 (9th Cir. 1967); Richardson v. Rivers, 118 U.S. App.D.C. 333, 335 F.2d 996 (1964). And thus it has been held that an individual on parole is still considered to be under a form of custody. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1962); Padilla v. Lynch, 398 F.2d 481 (9th Cir. 1968). Since the granting of parole does not affect the legal length of a prisoner's term of commitment to custody, an individual who has been mandatorily released is subject to applicable statutes and the rules and regulations administered by the Board of Parole. For misconduct while conditionally released, up and until the last 180 days of his maximum term, he is subject to being retaken into custody on a warrant, having his previously earned good time forfeited, and being required to recommence service of his sentence "at a point where this had been left off when he was conditionally released." Sprouse v. Settle, 274 F.2d 681, 684 (8th Cir. 1960); Williams v. Ciccone, 293 F. Supp. 271, 273 (W.D.Mo.1968). Plaintiff has also failed to consider either 18 U.S.C. § 4203(a) [7] which specifically authorizes the Board of Parole to set up certain terms and conditions of parole, including personal reports, until the expiration of the maximum term of the prisoner's sentence, or 18 U.S.C. § 4205 (1948) [8] which authorizes the Board of Parole to issue a warrant and return to custody any individual who violates any of its rules.

Since the Plaintiff does not allege that he is within the last one hundred and eighty day period of the maximum term of his sentence, his supervi-

7. § 4203. Application and release; terms and conditions

(a) If it appears to the Board of Parole from a report by the proper institutional officers or upon application by a prisoner eligible for release on parole, that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole.

Such parolee shall be allowed in the discretion of the Board, to return to his home, or to go elsewhere, upon such terms and conditions, including personal reports from such paroled person, as the Board shall prescribe, and to remain, while on parole, in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced.

The Board may require a parolee or a prisoner released pursuant to section 4164 of this title as conditions of parole or release to reside in or participate in the program of a residential community treatment center, or both, for all or part of the period of parole: *Provided*, That the Attorney General certifies that adequate treatment facilities, personnel and programs are available. If the Attorney General determines that the person's residence in the center or participation in its program, or both, should be terminated, because the person can derive no further significant benefits from such residence or participation, or both, or because his such residence or participation adversely affects the rehabilitation of other residents or participants, he shall so notify the Board of Parole, which shall thereupon make such other provision with respect to the person as it deems appropriate.

A person residing in a residential community treatment center may be required to pay such costs incident to residence as the Attorney General deems appropriate.

Each order of parole shall fix the limits of the parolee's residence which may be changed in the discretion of the Board. 18 U.S.C. § 4203(a)

8. § 4205. Retaking parole violator under warrant; time to serve undiminished

A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or term for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve. 18 U.S.C. § 4205 (1948)

sion and regulation by the Board of Parole is not only authorized, but is actually mandated by the provisions of 18 U. S.C. sections 4164, 4203, 4205 and the cases cited thereunder.

The law is so well settled, by statute and court decision, that the present demand made by Plaintiff for a declaration of rights and injunctive relief against the persons legally charged with supervising him is wholly without substance. No colorable argument is made that a constitutional violation is inherent in the statutory provisions requiring Plaintiff to file periodic personal reports (18 U.S.C. § 4203) or providing for the retaking of a parolee who violates the conditions of his parole. (18 U.S.C. § 4205).

A petition which is utterly frivolous and without merit may be dismissed. 28 U.S.C. § 1915(d) (1959) Brown v. Schneckloth, 421 F.2d 1402 (9th Cir. 1970), cert. denied, 400 U.S. 847, 91 S.Ct. 95, 27 L.Ed.2d 85 (1970); Armstrong v. Brown, 387 F.2d 908 (9th Cir. 1967).

Accordingly, leave to proceed in forma pauperis is denied and the complaint is dismissed.