Larry Allen **GORDON**, Petitioner,

v.

**UNITED STATES PAROLE COMMISSION, et al.,**
**Respondents.**

**Civ. A. No. 3:93CV539.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 3, 1994.

---

Larry Allen Gordon, pro se.

Robert William Jaspen, U.S. Attorney's Office, Richmond, VA, for respondents.

## MEMORANDUM

MERHIGE, District Judge.

Larry Gordon, a federal prisoner, brings this Section 2241 action claiming the United States Parole Commission ("Commission") has improperly calculated his parole. Respondents have filed a return and motion to dismiss. Petitioner has responded to the respondents' motion. Jurisdiction is appropriate pursuant to 28 U.S.C. § 2241.

Petitioner raises three objections to the decision of the Parole Commission:

1. The Parole Commission's jurisdiction over him terminated on November 13, 1991, and from that date on the Commission lacked jurisdiction to revoke his mandatory release;

2. The Parole Commission cannot deny him credit for time spent under supervision while on mandatory release; and even if they did have authority to deny him credit for time spent on mandatory release, it must exercise its discretion whether to forfeit none or only part of this time.

3. The Parole Commission's decision to forfeit petitioner's street time was an impermissible interpretation of 18 U.S.C. § 4210(b).

On May 4, 1982, petitioner began serving a ten (10) year sentence for possession of a counterfeit obligation, mail theft and making a false statement to a federally insured bank. Petitioner accumulated four years and four days of good-time credit on the 1982 sentence and was mandatorily released on November 10, 1987.

On March 4, 1991, the Commission issued a warrant charging petitioner with violating the conditions of his mandatory release by possessing a postal money order machine with the intent to defraud the United States. On September 20, 1991, petitioner was convicted in the Middle District of Florida of conspiracy to make, sell, possess, receive or deliver counterfeit obligations.

On January 29, 1993, the Commission revoked petitioner's mandatory release and ordered that he receive no credit for time spent on supervised release and that he must serve the unexpired term of his 1982 sentence upon his release from the new sentence. The Commission also held that the petitioner must serve the entirety of his new sentence and the four years remaining from the 1982 sentence.

■ Initially, petitioner claims that pursuant to 18 U.S.C. 4210(b), the Commission's jurisdiction over him for the 1982 offense terminated on November 10, 1991, his full-term date less 180 days, and the Commission

was powerless to take any action against him after that date.

> A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of his maximum term for which he was sentenced less one hundred eighty days.

18 U.S.C. § 4164. Normally, the Commission lacks jurisdiction over a released prisoner during the final 180 days of his maximum term. *Russie v. U.S. Dept. of Justice*, 708 F.2d 1445, 1447 (9th Cir.1983). However, if the Commission issues a valid parole violation warrant prior to the expiration of a parolee's sentence, the warrant "bars the expiration of [the] parolee's sentence and maintains the Commission's jurisdiction to retake the parolee even if the retaking occurs after the scheduled expiration date of the parolee's sentence." *Id.* at 1448.

▮ When the Commission issued the revocation warrant on March 4, 1991, petitioner was a "mandatory release" subject to all provisions of law relating to parole of United States prisoners. *Humphrey v. U.S. Board of Parole*, 438 F.2d 1214, 1217 (3rd Cir.1971). A releasee is prohibited from engaging in,

> any legal or moral misconduct while he is on conditional release. And for any such misconduct in which he may engage, while on conditional release, up until the last 180–days of his maximum term or terms of his sentence are reached, he is subject to being retaken into custody by Board warrant; having all of his previously accrued good time forfeited, and being required to take up the prison service of his sentence where he left off when he was conditionally released.

*Sprouse v. Settle*, 274 F.2d 681, 684 (8th Cir.1960). The Commission issued a violator warrant for petitioner prior to the final 180 days of his maximum term. Thus, the Commission maintained authority to deny petitioner credit for time spent on supervision when he committed a separate crime during the time of his supervised release. Accordingly, petitioner's first claim will be DISMISSED.

▮ Petitioner's second claim alleges that the Commission was required to credit him with time spent on supervised release. Alternatively, petitioner claims that the Commission must at least consider granting him partial credit for time spent on parole. As a mandatory releasee petitioner is subject to all requirements of law relating to United States prisoners. *Humphrey, supra.* 18 U.S.C. § 4210(b)(2) provides:

> **(b)** Except as otherwise provided in this section, the jurisdiction of the Commission over the parolee shall terminate no later than the date of expiration of the maximum term or terms for which he was sentenced, except that—
>
> (2) in the case of a parolee who has been convicted of a Federal, State, or local crime committed subsequent to his release on parole, and such crime is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of Section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with such offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.

The Commission has interpreted the statute to require forfeiture of all time spent on parole upon conviction of a new offense. See, 28 C.F.R. § 2.52(c)(2).[1]

> For federal parole purposes, forfeiture of time spent on parole is discretionary if criminal offenses are committed but no conviction achieved, 28 C.F.R. § 2.52(c)(1)

---

1. Although Chapter 311 of Title 18, United States Code was repealed November 1, 1987, its provisions remained in effect for five years after November 1, 1987 as to an individual who committed an offense before November 1, 1987, and as to a term of imprisonment during the effective period of the repealed section of the statute. 235 of Pub.L. 98–473 (see note to 18 U.S.C.A. § 3551).

(1987), and automatic if a conviction for a crime carrying a potential jail sentence is incurred.

*Gill v. United States Parole Comm'n,* 692 F.Supp. 623, 626 (E.D.Va.1988); *citing D'Amato v. United States Parole Comm'n,* 837 F.2d 72, 77–78 (2d Cir.1988); *Simmons v. United States Parole Comm'n,* 590 F.Supp. 1221 (D.D.C.1984).

The United States Court of Appeals for the Ninth Circuit has held that 28 C.F.R. 2.52(c)(2) is an impermissible interpretation of 18 U.S.C. § 4210(b). *Rizzo v. Armstrong,* 921 F.2d 855, 860 (9th Cir.1990). The *Rizzo* Court, bound by its decision in *Vanes v. United States Parole Comm'n,* 741 F.2d 1197, 1201 (9th Cir.1984), rejected the legislative history of the statute as inconclusive and construed the phrase "whether all or any part" ... "to give the Commission the option of ordering less than all—or even none—of the [time spent on parole] to run either concurrently or consecutively, in which case it simply is not forfeited." *Id.*

This court is not bound by the same precedents which precluded the United States Court of Appeals for the Ninth Circuit from giving full weight to the legislative history of Section 4210. More importantly, neither the statutory language nor the legislative history support the result reached in *Rizzo.* The House Conference Report explains Section 4210(b) as follows:

This subsection also provides that an individual whose parole has been revoked upon conviction of any new criminal offense punishable by a term of detention, incarceration or imprisonment in any penal institution shall receive no credit for service of his sentence from the day he is released on parole until he either returns to Federal Custody following completion of any sentence of incarceration or upon the Commission determining that the sentence run concurrently with any new sentence that may have been imposed ...

The phrase "punishable by a term of imprisonment, detention or incarceration in a penal facility" is intended by the Conferees to mean any term of confinement which may be levied upon adjudication of guilt or delinquency and does not include

detention prior to adjudication. For example, a person convicted of any offense punishable by even one day of imprisonment would not automatically receive credit toward service of his sentence, even if no sentence of imprisonment was imposed.

H.R.Rep. No. 94–838, 94th Cong., 2d Sess. 31–32 (1976) reprinted in [1976] U.S.Code Cong. & Admin.News. p. 335, 351, 364. In light of the plain language of the statute and its legislative history, the regulation, which provides for forfeiture of time spent on parole when the parolee is convicted of a new crime punishable by imprisonment, is a reasonable interpretation of 18 U.S.C. § 4210(b). *See Harris v. Day,* 649 F.2d 755, 758–60 (10th Cir.1981); *United States ex rel. Del Genio v. U.S. Bureau of Prisons,* 644 F.2d 585, 586–588 (7th Cir.1980).

While on mandatory release, petitioner committed and subsequently was convicted of, serious criminal offenses. He was sentenced to a term of incarceration as a result. Under 28 C.F.R. § 2.52(c)(2), the time spent on parole by the petitioner is automatically forfeited. *Gill,* 692 F.Supp. at 625. Accordingly, petitioner's second claim is lacking in merit and will be DISMISSED.

In his third claim, petitioner alleges that, by denying him credit for time spent on supervised release, the Commission improperly extended the term of his sentence. Petitioner's theory is that, unless the Parole Commission credits him for the time he spent on supervised release, its custody of him would extend beyond the limits of its jurisdiction because of 18 U.S.C. § 4210(b)(2) which provides that:

in no case shall [the term imposed for violation of parole] together with such time as the parolee has previously served in connection with such offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.

The dispositive issue then is the meaning of the statutory language: "such time as the parolee has previously served." The starting point is, of course, the language of the statute. Nothing in the plain meaning of the words used in Section 4210(b)(2) suggests the

result urged here by the petitioner. Indeed, when read in context of the entire statute, the plain meaning of the language "such time as the parolee has previously served" is the time previously served in confinement. The United States Court of Appeals for the Tenth Circuit has held that "such time as the parolee has previously served" does not include any time spent on revoked parole. *Harris,* 649 F.2d at 759.

> The plain language of § 4210 is that the measure of time remaining on the defendant's original sentence, after the defendant's conviction of a second crime punishable by imprisonment, is the unexpired term remaining to be served by the defendant *at the time the defendant was paroled.*

*id.* (emphasis added). The legislative history of Section 4210 supports that conclusion:

> the Commission shall take into account the time the parolee previously served in connection with the original offense at commitment prior to his release on parole together with the time served for such offense following his revocation and the time together shall not be longer than the maximum term for which he was sentenced in connection with the original offense.

H.R.Rep. No. 94–838, 94th Cong., 2d Sess. 31–32 (1976) reprinted in [1976] U.S.Code Cong. & Admin.News. p. 335, 351, 364. This explanation confirms the plain language of the statute specifying that only the time spent in actual incarceration prior to mandatory release should qualify as time served for a releasee who has been convicted of a new offense punishable by a new jail sentence. Accordingly, the Commission had the authority to forfeit all time spent on mandatory release by petitioner, order petitioner to serve the full remaining term of his 1982 sentence crediting him only for time spent in actual incarceration prior to his release in 1987. Hence, petitioner's third claim will be DISMISSED. Petitioner's petition for a writ of habeas corpus will be DENIED.

An appropriate Order shall issue.

### ORDER

In accordance with the accompanying Memorandum, it is ORDERED that:

1. The petition for a writ of mandamus is DISMISSED;

2. Petitioner's Claims 1, 2 and 3 are DISMISSED; and,

3. The petition for a writ of habeas corpus is DENIED.

Petitioner may appeal the decision of the Court. Should petitioner wish to do so, written notice of appeal must be filed with the Clerk of the Court within thirty (30) days of the date of entry hereof.

And it is so ORDERED.