**Fredrick Lee DIETZ, Petitioner–Appellant,**

**v.**

**Linda SANDERS, Warden, Respondent–Appellee,**

No. 02–6415.

United States Court of Appeals, Sixth Circuit.

March 31, 2004.

Cheryl J. Sturm, Chadds Ford, PA, for Petitioner–Appellant.

Frederick Lee Dietz, Nashville, TN, pro se.

Dell W. Littrell, Asst. U.S. Attorney, Andrew Sparks, U.S. Attorney's Office, Lexington, KY, Michael A. Stover, U.S. Parole Commission, Chevy Chase, MD, for Respondent–Appellee.

Before: BATCHELDER, and SUTTON, Circuit Judges; and BELL, District Judge.[*]

## PER CURIAM.

Petitioner Fredrick Lee Dietz appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the following reasons, the judgment of the district court denying the writ of habeas corpus is affirmed.

## I.

Petitioner was released on parole on July 9, 1992, after serving approximately 6 years of an aggregate 18 year sentence imposed by the United States District Court for the Southern District of Florida. At the time of his parole, Petitioner had 4,383 days remaining on his aggregate sentence and a parole termination date of July 9, 2004. Subsequent to his 1992 parole, Petitioner had a succession of new convictions, incarcerations, and parole violations.[1] By notice of action dated May 15, 2001, the Parole Commission revoked Appellant's parole and ordered the forfeiture of all 2109 days he had spent on parole. As a

---

[*] The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

1. On August 7, 1992, the Parole Commission issued a warrant for Petitioner's arrest for failure to report for supervision. In 1993 Petitioner was arrested and convicted in the Southern District of Texas on two counts of conspiracy to possess with intent to distribute marijuana. On March 31, 1994, he was sentenced to 114 months (later reduced to 62 months) imprisonment and 5 years supervised release. On April 30, 1998, Petitioner was released from incarceration. On June 6, 1998, the District Court for the Southern District of Texas issued a warrant for violation of the terms of supervised release. On June 22, 1998, Petitioner was arrested in Louisiana for possession of cocaine. He was sentenced by the Louisiana state court to 6 months imprisonment. Upon expiration of his state sentence on October 23, 1998, Petitioner was transferred to the custody of the federal authorities. On December 16, 1998, the District Court for the Southern District of Texas imposed a sentence of 27 months for violation of the terms of supervised release. On February 16, 2000, the Parole Commission issued a warrant for Petitioner's arrest based upon his violation of one or more conditions of his release. On October 7, 2000, when the 27-month sentence was concluded, the parole violation warrant was executed.

consequence of this order, Petitioner's full term date for his original 18 year sentence has been extended to October 22, 2010.

## II.

We review *de novo* a district court's denial of a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. *Rosales–Garcia v. Holland*, 322 F.3d 386, 401 (6th Cir.2003) (citing *Asad v. Reno*, 242 F.3d 702, 704 (6th Cir.2001)). This court's review of a decision by the Parole Commission is "extremely limited." *Hackett v. U.S. Parole Comm'n*, 851 F.2d 127, 129 (6th Cir.1987). We are limited to determining whether there was a "rational basis" in the record for the Commission's conclusions and whether the Commission was acting within its statutory and regulatory authority when it considered such evidence. *Id.* (quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir.1982)).

## III.

■ Petitioner challenges the continuing jurisdiction of the Parole Commission based on the Commission's July 28, 1997, Notice of Action which states:

> Withdraw Warrant dated 8/7/92 and Reinstate to Supervision (inactive due to new sentence).

Petitioner contends that this order effectively terminated the jurisdiction of the Commission over him pursuant to 18 U.S.C. § 4211(a).

Petitioner relies on *Martin v. Luther*, 689 F.2d 109 (7th Cir.1982), in support of his contention that "inactive supervision" means a termination of jurisdiction. Petitioner's reliance on *Martin* is misplaced. In *Martin* the Seventh Circuit observed that the term "jurisdiction" is a shorthand description of the Commission's supervisory authority over the parolee. *Id.* at 115. "[W]hen Commission 'supervision' ended, so did its 'jurisdiction.'" *Id.* The July 1997 Notice of Action, however, did not purport to "end" the Commission's supervision. The Notice of Action described the supervision as "inactive," not "ended." As the district court correctly noted, "inactive" does not mean "terminated," either in the dictionary [2] or in general parlance.

Further, "inactive supervision" cannot reasonably be understood to mean "termination of jurisdiction to supervise," either under the law or under the particular facts of this case. Early termination of parole is within the authority of the Parole Commission: "Upon its own motion or upon request of the parolee, the Commission may terminate supervision over a parolee prior to the termination of jurisdiction under section 4210." 18 U.S.C. § 4211(a). However, this is not what the Commission did in July 1997. In July 1997 the Commission had an outstanding warrant lodged as a detainer against Petitioner who was then incarcerated on a 62–month sentence from the Southern District of Texas. During his incarceration the Commission had no need to supervise Petitioner's conduct. Accordingly, through the July 28, 1997, Notice of Action the Commission withdrew its warrant dated August 7, 1992, reinstated petitioner to supervision, and clarified

---

**2.** The *Oxford English Dictionary Online* (Oxford Univ. Press 2004) defines "inactive" as "Not active; characterized by absence of action or activity; not disposed to act; inert, indolent, sluggish; passive, quiescent."

The *Merriam-Webster Online Dictionary* defines "inactive" as "not active: as a(1): SEDENTARY (2): INDOLENT, SLUGGISH b(1):

being out of use (2): relating to or being members of the armed forces who are not performing or available for military duties (3) of a disease: QUIESCENT c(1): chemically inert (2): optically neutral in polarized light d: biologically inert especially because of the loss of some quality (as infectivity or antigenicity)"

that the supervision would be inactive until Petitioner's release from incarceration. The Commission's description of the supervision as "inactive" accurately described the Commission's relation to the Petitioner during his incarceration. It did not suggest that supervision was being terminated.

Furthermore, the facts of this case are not such as would reasonably cause one to believe that the Commission intended to terminate Petitioner's supervision by its July 1997 order. Supervision can be terminated when there is no longer the "need for continued supervision." 18 U.S.C. § 4211(b). The regulations governing early termination provide that termination of supervision shall occur when the parolee has completed two or more "continuous years of supervision free from any indication of new criminal behavior or serious parole violation." 28 C.F.R. § 2.43(e). Petitioner had just been convicted of new criminal behavior while on parole. He was not eligible for consideration for early termination. We conclude that the Parole Commission did not terminate its jurisdiction over Petitioner when it issued its July 28, 1997, Notice of Action.

**IV.**

Petitioner also objects to the Commission's forfeiture of the time he spent on parole. On February 16, 2000, the Commission issued a warrant charging Petitioner with new criminal conduct. The warrant application contains a warning that if convicted of a new offense punishable by a term of imprisonment, Petitioner would not receive sentence credit for the time spent on parole.[3] Subsequent to the revocation hearing held on March 19, 2001, Petitioner's parole was revoked and all of the time he spent on parole was forfeited.

On appeal, Petitioner objects to the revocation of time spent on parole ("street time") on two separate grounds. Petitioner's first contention is that the Commission's regulation relative to forfeiture of street time, 28 C.F.R. § 2.52(c)(2),[4] is an unreasonable interpretation of 18 U.S.C. § 4210(b)(2).[5] In support of this argument Petitioner relies on the Ninth Circuit's invalidation of § 2.52(c)(2) on the basis that it impermissibly changed the scope of the statute by making street time forfeiture mandatory instead of discretionary. *Rizzo*

---

3. The warrant application states: "If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole."

4. The regulation governing revocation decisions provides in pertinent part:

(2) It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.
28 CFR § 2.52(c)(2)

5. The statute provides in relevant part:

(2) in the case of a parolee who has been convicted of any criminal offense committed subsequent to his release on parole, and such offense is punishable by a term of imprisonment, detention or incarceration in any penal facility, the Commission shall determine, in accordance with the provisions of section 4214(b) or (c), whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense, but in no case shall such service together with such time as the parolee has previously served in connection with the offense for which he was paroled, be longer than the maximum term for which he was sentenced in connection with such offense.
18 U.S.C. § 4210.

v. Armstrong, 921 F.2d 855, 861 (9th Cir. 1990).

The Ninth Circuit stands alone in invalidating the automatic forfeiture provision in § 2.52(c)(2). See, e.g., Munguia v. U.S. Parole Comm'n, 871 F.2d 517, 522 (5th Cir.1989) ("It is well settled in this circuit that 18 U.S.C. § 4210(b)(2), when interpreted in the light of 28 C.F.R. 2.52, means that a parole violator automatically forfeits his street time when he is convicted of a new offense punishable by imprisonment committed subsequent to his release on parole."); Harris v. Day, 649 F.2d 755, 760 (10th Cir.1981) (holding that § 2.52(c)(2) "is not out of tune with the language of the statute"); United States ex rel. Del Genio v. U.S. Bureau of Prisons, 644 F.2d 585, 586–588 (7th Cir.1980) (holding that the Commission's interpretation of 18 U.S.C. § 4210(b)(2) in § 2.52(c)(2) "is a reasonable one consistent with the intent of Congress."); Gordon v. U.S. Parole Comm'n, 841 F.Supp. 176, 179 (E.D.Va.1994) (holding that § 2.52(c)(2) "is a reasonable interpretation of 18 U.S.C. § 4210(b)"). See also Miller v. Hadden, 811 F.2d 743, 747 (2d Cir.1987) (noting that denial of credit for time spent on parole was required by § 2.52(c)(2)).

The Sixth Circuit has not addressed the issue of whether the mandatory forfeiture provision of § 2.52(c)(2) is a permissible interpretation of the statute. However, we need not address the issue on this appeal because Petitioner failed to raise the issue before the district court. We have previously held that "issues not litigated in the trial court are generally not appropriate for appellate consideration." Minger v. Green, 239 F.3d 793, 801–02 (6th Cir.2001) (quoting Taft Broad. Co. v. United States, 929 F.2d 240, 243 (6th Cir.1991)). See also First Nat'l Monetary Corp. v. Weinberger, 819 F.2d 1334, 1339 (6th Cir.

1987) ("In the interests of judicial economy, an appellate court will generally not review issues that were not addressed to the forum below."). Although Petitioner's pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this court is not required to conjure up unpled allegations. See Scheid v. Fanny Farmer Candy Shops, 859 F.2d 434, 437 (6th Cir. 1988). Petitioner's allegation that the Commission failed to discuss the forfeiture of his street time at the hearing, even when liberally construed, is not sufficient to raise the issue of whether the regulation's mandatory forfeiture provision conflicts with the statute. The issue of the constitutionality of the regulation is accordingly not appropriate for appellate consideration.

▪ Petitioner's second contention with respect to the forfeiture of street time is that the Commission violated his right to due process when, at his parole revocation hearing on March 19, 2001, there was no discussion of the fact that Petitioner stood to forfeit credit for all time on parole since his original parole date of July 9, 1992.

In his § 2241 petition Petitioner did not deny receiving the warrant application. The warrant application contains an unequivocal notice that a new conviction would result in the forfeiture of the time spent on parole.[6]

Although Petitioner could have raised the issue of forfeiture at the parole revocation hearing, he failed to do so, and he has provided no explanation for that failure. Moreover, he has not articulated a violation of due process. The minimum requirements of due process at a parole revocation hearing include:

6. See fn.4.

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer,* 408 U.S. 471, 488–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

█ Petitioner has not alleged a denial of any of these procedures. Petitioner's contention that the Commission violated its own rule of procedure is not sufficient to state a due process violation. "[The procedures required before a person may be deprived of his constitutional right to liberty are derived not from the regulation but from the Constitution itself.]" *Duckett v. Quick,* 282 F.3d 844, 848 (D.C.Cir.2002) (citing *Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 14–16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)).

Petitioner does not deny that he received all of the constitutional safeguards that were due. There simply is no authority for requiring that rights of which a parolee has been given written notice be discussed at the hearing even if they are not raised by the parolee. Because Petitioner was notified of the possibility of forfeiture, the lack of discussion concerning this possibility at the hearing was not a denial of due process.

## V.

Petitioner's final contention on appeal is that the Commission acted without juris-diction because its jurisdiction terminated on July 10, 2001, the expiration date of the maximum term or terms of imprisonment for which he was sentenced.

By statute the Commission's jurisdiction terminates upon expiration of the maximum term of imprisonment. 18 U.S.C. § 4210(a). A summons or warrant may be issued only within the prisoner's maximum term or terms. 28 C.F.R. § 2.44(c).

Petitioner has not correctly calculated the expiration date of his maximum term of imprisonment. Petitioner was sentenced in 1986 to 15 years on a drug conspiracy charge and to a consecutive 3 years for violating the conditions of his probation on an earlier charge, for a total of 18 years. When Petitioner was paroled in 1992 his parole certificate indicated that he was to be subject to supervision until July 9, 2004. The Commission issued its warrant on February 17, 2000, well before the expiration of its jurisdiction.

█ Moreover, even if the court were to accept Petitioner's calculation that his sentence expired on July 10, 2001, the Commission nevertheless had jurisdiction to act because it issued its warrant prior to the expiration of Petitioner's maximum sentence. The issuance of a warrant "operates to bar the expiration of the parolee's sentence" and "maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52(c)." 28 C.F.R. § 2.44(d).

For the foregoing reasons we **AFFIRM** the district court's denial of Petitioner's petition for a writ of habeas corpus.